Peter KRAEMER, Plaintiff,

v.

ELMIRA AUTO PAINT SUPPLIES, INC., George Szlasa, and Susan Szlasa, Defendants.

No. 3:93–CV–1471.

United States District Court, N.D. New York.

Oct. 23, 1995.

Peter Kraemer, Comstock, WI, pro se.

Joseph B. Meagher, Thomas, Collison Law Firm, Endicott, NY, for defendants.

## MEMORANDUM, DECISION & ORDER

McAVOY, Chief Judge.

### I. BACKGROUND

Plaintiff, Peter Kraemer, a *pro se* complainant, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 207, and attaches a pendent state claim for breach of contract. To support these claims, plaintiff asserts only the following ostensibly factual allegations in his complaint:

4. Defendants' conduct is unlawful for failure to pay for overtime performed in behalf of defendants.

5. Defendants failed to perform on two (2) year employment contract commencing from January 4, 1992 to December 31, 1993.

(Complaint at 1). Defendants now move to dismiss the complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim, or, in the alternative, for summary judgment pursuant to Fed.R.Civ.P. 56. In opposition to these motions, plaintiff has submitted an affidavit and a memorandum of law. Defendants' motion to dismiss is granted, and plaintiff is granted leave to amend the complaint.

### II. DISCUSSION

The Federal Rules of Civil Procedure embrace the concept of simplified notice pleading. *See Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 102–03, 2 L.Ed.2d 80 (1957). Under Fed.R.Civ.P. 8(a), a claim for relief must set forth a jurisdictional statement, a short and plain statement of the claim, and a demand for relief.

Motions to dismiss a complaint under Fed.R.Civ.Pro. 12(b)(6) are designed to test the legal sufficiency of a plaintiff's

claims. In considering such a motion, this Court must accept as true all material facts alleged in the complaint and must draw all reasonable inferences in favor of the plaintiff. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972). When a plaintiff appears *pro se,* the complaint "must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976) (quoting *Haines,* 404 U.S. at 520, 92 S.Ct. at 595–96). Despite the liberality of the pleading requirement, naked allegations that are too conclusory cannot survive a motion to dismiss. *See Albert v. Carovano,* 851 F.2d 561, 572 (2d Cir.1988) (citing *Martin v. New York State Dep't of Mental Hygiene,* 588 F.2d 371 (2d Cir.1978)). In determining the sufficiency of the complaint, the Court only considers:

the factual allegations in ... [the] complaint, which are accepted as true, ... documents attached to the complaint as an exhibit or incorporated in it by reference, ... matters of which judicial notice may be taken, or ... documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.

*Brass v. American Film Technologies, Inc.,* 987 F.2d 142, 150 (2d Cir.1993). Therefore, the Court cannot consider plaintiff's supporting documents that fall outside of these categories.

■ In light of these considerations, defendants' motion to dismiss must be granted. Although plaintiff properly included a statement of the court's jurisdiction and a prayer for relief, plaintiff's complaint provides no factual details to support the conclusory allegations regarding his substantive claims.

Section 207 of the Fair Labor Standards Act dictates that

no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation ... at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C.A. 207 (West Supp.1995). Plaintiff has made no factual allegations in his complaint concerning the nature of his employment, such as whether he was indeed employed, the duties of his employment, and whether he was required to and did work in excess of forty hours per week. Likewise, assuming that the Court could exercise supplemental jurisdiction over plaintiff's pendent state claim, a similar absence of factual allegations in the complaint as to the nature of the agreement or how the defendants "failed to perform" under the contract renders this claim equally deficient. In short, none of the facts surrounding plaintiff's employment are included in the complaint. Such inadequacy proves fatal. Because the Court grants defendants' 12(b)(6) motion, there is no need to address the defendants' motion for summary judgment pursuant to Fed.R.Civ.P. 56.

■ After taking into account plaintiff's *pro se* status and his attempt to supplement his factual allegations by affidavit and memorandum, the Court grants plaintiff leave to amend his complaint within sixty days of the entry of this order. If plaintiff chooses to so amend, he would be well-advised to include in his amended complaint the relevant factual allegations concerning the surrounding circumstances of his employment that currently appear in his supplemental documents. To state a *prima facie* case under 29 U.S.C. § 207, these allegations must include the nature of plaintiff's employment, such as whether he was salaried or employed at an hourly wage, whether and when he was required to work overtime, and the details of the employment agreement itself.

## III. CONCLUSION

The Court holds that the plaintiff has failed to adequately set forth facts in his complaint supporting a Fair Labor Standards Act claim under section 207 and thereby failed to state a claim under Fed.R.Civ.P. 12(b)(6).

**ORDERED,** that defendants' motion to dismiss is GRANTED. Plaintiff shall have sixty days to amend his complaint.

**IT IS SO ORDERED.**